#### No. 1
#### TOLEDO (City) v. OSBORN
Ohio Appeals, 6th Dist., Lucas Co.

No. 1735. Decided Nov. 22, 1926

27. ACTION—Where city employee under civil service regulations is summarily discharged without his superior complying with section 486-17a GC., his remedy thereon is mandamus and not an action for damages.

WILLIAMS, J.

Elmer Osborn brought his action in the Lucas Common Pleas against the city of Toledo seeking to recover the sum of $665.37, by reason of his alleged wrongful discharge as assistant operator at the high pressure pumping station in said city.

From the pleading it seems that Osborn had been employed for several years and had never been laid off or suspended; that the position had never been abolished and that the petition filed by him came under provisions of the Civil Service system. On April 28, 1924 a hearing was had before the Civil Service Commission and it was found from the evidence that Osborn had slept on the job and was so disagreeable that no one got along with him.

At the conclusion of all the evidence both Osborn and the city asked for a directed verdict, and the court granted same to Osborn. This is a proceeding in error brought by the city by which it seeks a reversal and entry of final judgment in its favor; and the Court of Appeals held:

1. The purpose of the Civil Service Commission, its laws and regulations, is to create a merit system to determine the fitness and efficiency for those within the service and to prevent discharge for political reasons.

2. The rights of a party holding such a position are regulated by 486-17a GC. It provides that tenure of office shall be during good behavior and efficient service, and then specifies the grounds upon which one may be removed.

3. It also specifies that upon removal therefrom, the appointing authority shall furnish employe with a copy of the order of removal and give such employee a reasonable time to file an appeal to the commission.

4. In this case it is apparent that the removal was void because the notice of removal contained no reason for same.

5. The hearing was also illegal, first because there was no valid order from which an appeal could be taken and second no appeal was taken within the ten day period.

6. Therefore all proceedings taken by the appointing officers and the commission were a nullity. 110 OS. 216.

7. It is well settled that one wrongfully ousted from his office from which there is no appeal may be restored to his employment or position, and the emoluments thereof in an action in mandamus. 108 OS. 292.

8. If Osborn were permitted to pursue a remedy by way of damages, the city could not defend on the ground that he was rightfully discharged, for the reason that such a course whether Osborn was entitled to the position would result in determining the question in a collateral proceeding.

9. That question could only be determined thermore as the act of discharge was contrary in the way provided by 486-17a GC., and furto the provisions of that section, Osborn's remedy lay in mandamus and not in an action for damages.

Judgment reversed and final judgment entered.

(Culbert and Richards, JJ., concur.)

Attorneys—F. L. Dotson & Chas. T. Lawton for City; Knisely and Orthwein for Osborn; all of Toledo.