Common Pleas Court of Tuscarawas County.

STATE, EX REL. BROUGH ALBAUGH V. CITY OF NEW PHILADELPHIA, ET AL.*

Decided February 16, 1933.

H. I. N. Stafford, for plaintiff.
C. W. Ferrell, city solicitor, for defendants.

OGLEVEE, J.

An examination and study of the Civil Service Act, Sections 486-1 to 486-31, General Code, discloses a legisla-

*Affirmed by Court of Appeals April 26, 1933.

tive purpose to give all officers and employees of the state, counties and cities, who are in the classified service, a practically permanent tenure of office or position. The tenure of every officer or employee shall be during good behavior and efficient service. No person shall be reduced in pay or position, laid off, suspended or discharged for religious or political reasons. Vacancies in the classified service shall be filled in so far as practicable by promotions. Whenever any permanent office or position is abolished the person holding the same shall be placed at the head of an appropriate eligible list, and preferred for certification for two years. Appointments to the civil service are based upon competitive examinations, and shall be made only from the certified lists.

From these and other like statutory provisions the character and spirit of the civil service are made manifest.

Once a person is permanently appointed to an office or position under the classified civil service, there seem to be but two grounds upon which he may be laid off, suspended or discharged. One is for incompetency, inefficiency, or other cause mentioned in the statute, in which case the accused shall be entitled to be heard before the commission, and shall have the right of appeal to the Common Pleas Court; and the other is where his office or position is abolished or the force is reduced through lack of work or funds.

"When a position above the rank of patrolman in the police department is *abolished* the incumbent shall be demoted to the next lower rank, and the youngest officer in point of service in the next lower rank shall be demoted, and so on down until the youngest person in point of service has been reached, who shall be laid off." Section 486-17b, General Code.

The person so laid off would no doubt be entitled to a place at the head of the eligible list, as provided by Section 486-16, General Code.

But that is not the kind of a case which we have under consideration in this action. The office or position held by the relator has not been abolished. The ordinance of the city providing for three patrolmen has not been amended, it still provides for three patrolmen. An effort was made,

however, to reduce the force in the police department, when the council by resolution No. 1703, ordered the Director of Public Safety to lay off one patrolman and one desk sergeant, effective July 1, 1932, to Dec. 31, 1932; and this suspension was continued for the year 1933, by the adoption of Ordinance No. 1726 dated Nov. 25, 1932. Both of these ordinances were predicated on a lack of funds, and it was therefore alleged to be necessary to "lay off" one patrolman and one desk sergeant. Hence, the office, the position still exists. Our problem, therefore, does not involve a question of demotion, as contemplated in Section 486-17b.

The question here is, whether or not the city council had legal authority to order the Safety Director to lay off one patrolman. Undoubtedly the council would have the power and right to abolish the office or position of one patrolman, and to provide by ordinance that the police force should consist of two patrolmen, instead of three. This power is conferred by Section 4374, General Code, 108 Ohio St. 292.

Instead of taking this action, the council undertook to lay off one patrolman for a fixed period, and the Safety Director suspended the relator, without reference to the fact that there were two men on the police force junior in point of service to him, David Coneybeer, a lieutenant, appointed February 17, 1927 and Harvey Kinsley, a desk sergeant, appointed March 4, 1930. The relator was appointed a patrolman in April, 1926.

At this point we are confronted with a statute, Section 486-17b, which so far as pertinent at this time reads:

"Whenever it becomes necessary in a police * * * department, through lack of work or funds or for causes other than those outlined in Section 486-17a, General Code, to reduce the force in such department, the youngest employee in point of service shall be first laid off. * * *

Under date of May 27, 1915, the Civil Service Act was re-written and numerous amendments made thereto. 106 O. L. 400. But the statute just above quoted was no part of the Act at that time. It was enacted as a supplement to Section 486-17, of March 31, 1927. 112 O. L. 114.

This history is of interest in connection with the case of *Curtis* v. *State, ex rel,* 108 O. S. 292, apparently the only

reported case involving the suspension of a police officer for lack of funds. In that case the police matron was laid off by the safety director, for want of funds with which to pay her salary. The action was taken under a certain rule which had been adopted by the Civil Service Commission of the city of Canton. This suspension was sustained by the Supreme Court. But that decision was rendered in 1923, before Section 486-17b had been adopted, and therefore the case sheds no light upon the present issue.

Whenever it becomes necessary for want of funds to reduce the police force, the youngest employee in point of service shall be first laid off. There can be nothing uncertain or ambiguous about that language. It is a plain statement of a plain fact. I do not know how the council or the safety director can ignore or evade that law, when by reason of the necessity mentioned, it becomes necessary to reduce the force in the police department. The youngest in point of service shall be first laid off. It seems to me that that language is mandatory. Manifestly the statute was enacted for the very purpose of preventing any other action or course. It is no answer to say that the council and safety director know best what officers should be laid off, what officers can best be spared. Probably they do. But that is an argument more properly addressed to the legislature than to the court. With the wisdom of the provision we have nothing to do.

Under the agreed statement of facts, the relator was not the youngest member of the police force, in point of service. There were two other men on the force who had not been serving as long as he had. Therefore one of them should have been laid off under the clear and emphatic language of the statute. I do not think the council or the safety director had any option, or the right to exercise any discretion in the matter whatever. Their plain duty was indicated by the statute.

In order to put any other construction upon this statute, it would be necessary for the court to read something into it that the legislature left out. It does not say that when it becomes necessary to reduce the police force for want of funds, the youngest man in point of service in any class

or rank of the department, shall be laid off, and the safety director or council shall determine from what rank of the force the reduction can best be made. Probably that would have been a wiser provision, but it was not so enacted. The mandate in the act is clear that the last man appointed on the force shall be first laid off, when some one has to go. And that is in keeping with the spirit of the civil service law, which aims to protect the tenure of employees in the classified service.

In the case of *Bevin* v. *Griffiths,* Vol. 37 O. L. R. 531, speaking with reference to the subject now under consideration, the court on page 535 says:

"The rule is that courts may not, even in order to give effect to what they may suppose to be the intention of the legislature, adopt a construction of a statute which is not supported by the words of the statute, even though the consequences of following the construction of the plain simple language of the statute would be to defeat the supposed intention of the legislature." Citing in support of this rule *Slingluff* v. *Weaver, et al,* 66 O. S. 621; *State ex rel* v. *Roney,* 82 O. S. 376; *Miller* v. *Auble,* 31 Ohio App. 67; and *Sweetland* v. *Miles,* 101 O. S. 501.

Undoubtedly counsel for defendants is correct in his contention that the relator could not *ipso facto* be promoted or demoted to another position on the police force. Any such change of position, especially by way of promotion, would have to be made by examination in accordance with the civil service rules. That could and probably should have been done here when the council undertook to reduce the force. If the two last appointees, the lieutenant and desk sergeant, had been laid off, then examination, certainly to the lieutenancy, under Section 486-15, as that is a higher rank or position than patrolman.

For some reason the police force of the city of New Philadelphia has never been classified, and for that reason it is somewhat difficult to determine whether a desk sergeant is of a higher or lower rank than a patrolman. Except for the fact that his pay is less, I should say a sergeant ranks higher than a patrolman. That is indicated by the order in which the police officers are named in the statute providing for the police department. Section 4374, G. C.

As the police department of Cleveland is organized and classified patrolmen are in the lowest rank. *Hagan* v. *Cleveland,* 29 N. P. (N. S.) 307-318.

The matter of reorganizing or rearranging the police force, if two members of the force should be laid off, is not at this time before the court, or involved in the issues in this case. The court has but two questions to determine in this action: first, whether the council and safety director had legal authority to lay off the relator, under the agreed statement of facts; and second, whether an action in mandamus is the proper remedy.

The court has already answered the first question in the negative.

The answer to the second question is tersely stated in *Toledo* v. *Osburn,* 23 Ohio App. 62, Sections 4 and 5 of the syllabi, to-wit:

"4. Employee within classified service who is wrongfully deprived of employment by reason of void and illegal ouster from which there is no appeal under Section 486-17a, General Code, may be restored to employment by mandamus.

"5. Payment of salary of employee in classified service, which is fixed and determined, may be compelled by mandamus to compel issuance of warrant."

The rule announced by the court is thus stated in the body of the opinion, page 66:

"It is well settled in Ohio that one within the classified service who is wrongfully deprived of his employment or position by reason of an absolutely void and illegal ouster, may be restored to his employment or position and the emoluments thereof in an action by way of mandamus." Citing numerous authorities. Section 36 Ohio App. 441.

The court therefore finds upon the issues joined in this action, in favor of the plaintiff and adjudges and orders that the relator be restored to his position of patrolman on the police force, without prejudice, and that a proper voucher be issued for all salary accrued since his separation from the service and remaining unpaid.