tract, judgment or decree.'' The affidavits in this case show that the debt is ''for damages, injuries and medical services incurred.'' This falls short of a showing that the debt arose upon contract as required by the statute.

The judgments of the court below are affirmed.

*Judgments affirmed.*

HORNBECK, P. J. AND BARNES, J., concur.

THE STATE, EX REL. GREENLUN, APPELLEE, *v.* BEIGHTLER, DIR. OF HIGHWAYS, APPELLANT.

(Decided March 5, 1940.)

*Mr. J. L. Mason* and *Messrs. McFadyen, Swisher & Warden,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. Herbert K. Ames,* for appellant.

BARNES, J. The above-entitled cause is now being determined on respondent's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin county, Ohio.

In the trial court the issues were joined through relator's petition and the answer of respondent.

Relator prayed for a peremptory writ of mandamus against the respondent to set aside the claimed pre-

tended order abolishing the position of the relator as supervisor of route marking in division No. 3 of the Department of Highways, as of January 3, 1939. Relator also prayed that his name be reinstated upon the payroll of the Department of Highways of the state of Ohio as such supervisor, and that respondent notify the Civil Service Commission of the state of Ohio to restore the name of relator to the roster of the commission as an employee in the classified civil service of the state of Ohio, as supervisor.

The body of the petition sets out the necessary allegations as a predicate to the prayer.

Respondent's answer contained the averment that relator's position was abolished in good faith in the interest of economy, and that by reason thereof relator's services were no longer necessary or essential. Other than the inferential admissions of discharge, the answer contained a general denial.

Upon hearing, finding and judgment were entered for the relator ordering him restored to his position and also ordering that necessary warrants to pay his salary from January 7, 1939, up to date, be entered.

Within statutory time respondent gave notice of appeal.

No bill of exceptions was allowed or filed.

Counsel for respondent in their brief in substance state that the appeal is taken only from that portion of the judgment allowing salary from the date of discharge until the time of restoration.

We are informed through the briefs, and not otherwise, that relator has in fact been restored to his position in conformity to the judgment of the trial court.

The sole and only question for our determination is whether, under the issues joined in the pleadings, an order for payment of back salary can lawfully be made in a mandamus action.

From the briefs we are informed that counsel for respondent rely principally on the case of *State, ex rel.*

*Fitzgerald,* v. *Leasure,* 30 Ohio Law Abs., 252, decided by this court July 22, 1939. The following appears in the third paragraph of the syllabus of the above case:

"A writ of mandamus is not an appropriate action to compel the department from whose services relator was dismissed to pay the salary which she has not drawn during the period that she was out of employment."

The writer of this opinion dissented from the majority opinion in the *Fitzgerald case,* but not on the principle announced in the third paragraph of the syllabus above quoted.

In making the above pronouncement our court had in mind the case of *Williams, Dir.,* v. *State, ex rel. Gribben,* 127 Ohio St., 398, 188 N. E., 654. Two members of our court were very familiar with this case since it had originated as a mandamus action in the Franklin county Court of Common Pleas and we had affirmed a judgment ordering relators restored to their positions and ordering payment of their salaries during the time they were improperly removed from their positions.

The Supreme Court modified our judgment and held that mandamus would not lie to enforce the payment of back salaries, on the theory that the same were unliquidated and indefinite in amount.

The Supreme Court in the opinion makes the further observation "that such question can be considered only in an action at law."

The above announcement by the Supreme Court has been consistently followed in later decisions.

In the case of *State, ex rel. White,* v. *City of Cleveland,* 132 Ohio St., 111, 5 N. E. (2d), 331, paragraph one of the syllabus reads as follows:

"A writ of mandamus will not be issued except to command the performance of a specific duty enjoined

by law; nor will it be issued where there is a plain and adequate remedy in the ordinary course of law.''

In the case of *State, ex rel. Curtis*, v. *DeCorps, Dir.*, 134 Ohio St., 295, 16 N. E. (2d), 459, the Supreme Court, in a *per curiam* opinion on page 300, makes the following statement:

''Appellant's prayer that he be awarded the emoluments of his position during the period of his exclusion therefrom cannot be considered here.''

The *Williams case, supra,* and the *White case, supra,* are cited as authority for the above pronouncement.

It is urged that the three cases above referred to should not be controlling in the instant case for the reason that improperly discharged city employees were involved and that the ordinary action at law could be instituted for the recovery of such back salaries wherein the usual defenses against unlawfully discharged employees might be asserted and determined.

It is asserted with strong reason and logic that this rule should not be applicable to an unlawfully discharged civil service, state employee for the reason that the state may not be sued at law, and that unless the relief be granted in a mandamus action, the relator would be relegated to a moral claim before the sundry claims board, and this would not be a remedy at law.

We would be glad to follow this line of reasoning but for the fact that the Supreme Court in its pronouncements has based its conclusion on the very broad ground that a claim for back salary is uncertain and indefinite and thereby unliquidated.

It is obvious that the back salary of an improperly discharged civil service, state employee is just as indefinite and uncertain as that of a discharged civil service municipal employee.

We are also referred to two cases submitted together to the Supreme Court of Ohio. Both of these

cases involve state employees. These cases are *State, ex rel. Conway,* v. *Taylor, Dir.,* and *State, ex rel. Hamilton,* v. *Sherwood, Dir.,* 136 Ohio St., 174, 24 N. E. (2d), 591.

The decision is *per curiam,* therefore, the law of the case is stated in the opinion. We quote from pages 177 and 178:

"The second question here presented relates to the prayer of each relator for an order including not only a restoration to his position but also an adjudication of the question of salary. That a writ of mandamus is not the proper remedy for this phase of this controversy is apparent from numerous decisions of this court."

This very late decision of the Supreme Court is determinative of the question in the instant case, unless perchance it might be argued that the attention of the Supreme Court was not called to the claim of "no other remedy at law" for improperly discharged state civil service employees. While this argument is persuasive, we are constrained to the view that if any correction of the pronouncement is required that it should be made by the Supreme Court and not by ours.

Under the rule of *stare decisis* we feel obligated to follow the decisions of our Supreme Court.

Counsel for relator in their very able and comprehensive brief refer us to numerous cases, but with the exception of one we are unable to find that they are of any assistance on the present issue.

The supporting case is that of *City of Toledo* v. *Osborn,* 23 Ohio App., 62, 155 N. E., 250, decided November 22, 1926. This case is directly in point and we followed it in the *Williams case, supra,* but it was modified by the Supreme Court as heretofore noted.

A casual reading of 25 Ohio Jurisprudence, 1105, Section 142, might at first seem supporting, but a careful reading in connection with the cited cases from which the text is built will disclose that the text writer

was considering the status of officers and employees in office or in service but not ones out of service.

With some reluctance we are impelled to the conclusion that the judgment of the trial court must be reversed, so far as it directs payment of back salary.

*Judgment reversed in part.*

Hornbeck, P. J., concurs.
Geiger, J., concurs in the judgment.