By the Court.
 

 On August 27, 1943, the relator, Harry S. Sheets, filed a petition in this court praying for a writ of mandamus directing respondents to restore him to the position of chief of the police department of the city of Portsmouth, Ohio. Prior to the commencement of this proceeding relator had made demand for restoration to that position. The cause was submitted upon the pleadings, an agreed statement of facts and depositions.
 

 The relator was chief of the police department of the city from January 1,-1926, until March 21, 1941, and was in good standing in the classified service, as chief of police, on the latter date. The council of the city of Portsmouth passed an ordinance, effective March 21, 1941, providing that all members of the police and fire departments then of the age of 65 years or thereafter attaining such age should be honorably retired by the city manager subject however to all
 
 *303
 
 rights to a pension. The relator reached the age of 65. years on the day the ordinance became effective. On that day by letter, the city manager notified relator that he was honorably discharged, effective immediately, bnt subject to pension rights. On the same day by separate letter, the city manager further notified relator that he was appointed acting chief of police for the period beginning March 21, 1941, and ending April 30, 1941. The relator accepted that appointment and! served during the whole period. On the latter date,, the relator wrote the police pension board requesting-that he “be placed on the police pension roll effective as of May 1,1941.” Accordingly he was placed on the roll and has received a monthly pension from that date, but has cashed none of the checks since the check for the month of July, 1943.
 

 On June 1, 1941, Ray Brown was appointed chief of police and forthwith qualified and still holds that position.
 

 Being in the classified service the relator could not be removed or discharged without his assent except in accordance with the provisions of Section 486-17a, General Code.
 
 State, ex rel. Daly,
 
 v.
 
 City of Toledo,
 
 142 Ohio St., 123, 50 N. E. (2d), 338. There is no question that the relator voluntarily assented to the retirement from the position of chief of police, accepted the position of acting chief of police, applied for and received a police pension and took no action to be restored for more than two years — then brought the instant proceeding on the date above mentioned.
 

 The relator seeks to excuse his course of conduct and his delay by alleging in his petition “that by advice of competent counsel, and the holding of the court in the case of the
 
 City of Toledo
 
 v.
 
 State, ex rel. Lawler,
 
 51 Ohio App., page 329, together with the statements of said city manager to the same effect, he in good faith believed that the said city ordinance vested in the city
 
 *304
 
 manager the right to retire him from the active to the inactive duties of such chief of police, and .was thereby honestly misled and induced to acquiesce in the same without any purpose or intent to voluntarily accept such retirement, except as it was required and made mandatory by law;” and by further alleging therein ‘
 
 ‘
 
 that in good faith he continued to believe that he was lawfully deprived of the office of chief of police, under the conditions hereinbefore set out, until the Supreme Court of the state of Ohio in the case of
 
 State, ex rel. Daly,
 
 v.
 
 City of Toledo [supra],
 
 on the twenty-first day of July, 1943, judicially determined that an ordinance such as that under which this relator was removed from office was invalid, and of no legal effect.”
 

 But does his action in the respects alleged place relator in any better position than he would have been otherwise? • We hold not. If these facts were merely availed of to excuse delay or overcome the defense of laches, in a case wherein there was a valid subsisting cause of action, they would have appeal. Relator, however, by his conduct, at the time of his retirement, waived a right of action for his restoration; he could have refrained from acquiescing, withheld his consent, and not applied for a pension and then immediately brought his proceeding for restoration. Acting upon the assumption that the ordinance was valid, he took the course he did. His assumption of the validity of the ordinance, though based upon advice of counsel and the court decision referred to, cannot reinvest him with a right of action, which he yielded when he voluntarily retired and accepted the pension. The writ is denied and the petition dismissed.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.