OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES ET AL., APPELLANTS, *v.* BOARD OF EDUCATION OF CITY OF COLUMBUS, OHIO, APPELLEE.

[Cite as Ohio Assn. P. S. E. v. Bd of Edr. (1971), 28 Ohio St. 2d 58.]

(No. 71-62—Decided November 24, 1971.)

Messrs. *Lucas, Prendergast, Albright, Gibson, Brown & Newman* and Mr. *Rankin M. Gibson*, for appellants.

Mr. *John H. Leddy*, Messrs. *Porter, Stanley, Treffinger & Platt* and Mr. *Bruce G. Lynn*, for appellee.

*Per Curiam.* The judgment of the Court of Appeals is affirmed for the following reasons, as set forth by Judge Whiteside in his opinion in that court:

"R. C. 3319.088 sets forth the employment rights of educational aides as follows:

" 'Educational aides employed by a board of education shall have all rights, benefits, and legal protection available to other nonteaching employees in the school district, except that provisions of Sections 143.01 to 143.48, inclusive, of the Revised Code shall not apply to any person employed as an educational aide, and shall be members of the school employees retirement system. * * *'

"By the express language of R. C. 3319.088, educational aides are not entitled to the tenure protection afforded by R. C. 143.01 to 143.48, the general civil service laws applicable to city school districts. Thus, while R. C. 3319.-088 first states that educational aides shall have the rights, benefits, and legal protection available to the nonteaching employees, the exception takes some of these rights, benefits, and legal protection away from those educational aides employed by a city school district unless R. C. 3319.081 *et seq.*, applicable to nonteaching employees of school districts, other than city school districts, can be construed to apply to educational aides of a city school district even though such sections do not apply to other nonteaching employees of a city school district.

"In a city school district, the rights, benefits, and legal protection available to nonteaching employees are, in general, those set forth in R. C. 143.01 to 143.48, inclusive, which are the general civil service laws. The Legislature, however, in R. C. 3319.088 expressly provided that R. C. 143.01 to 143.48, inclusive, shall not apply to educational aides.

"R. C. 3319.081, 3319.082, and 3319.083 each begins with the clause:

" 'In all school districts wherein the provisions of Sections 143.01 to 143.48, inclusive, of the Revised Code *do not* apply * * *.' (Emphasis added.)

"There can be no question but that the Columbus City School District is a school district wherein R C. 143.01 to 143.08, inclusive, *do* apply. Thus, by their very terms, R. C.

3319.081, 3319.082, and 3319.083 do not apply to the Columbus City School District. R. C. 143.01 defines 'civil service' as including '* * * all offices and positions of trust or employment in the service of * * * city school districts * * *.' In order to make R. C. 3319.081, 3319.082, and 3319.083, applicable to educational aides, this court would have to amend the above-quoted clause contained in those sections to read 'with regard to all school district employees to which R. C. 143.01 to 143.48, inclusive, do not apply.' Or the court would have to amend R. C. 3319.088 to provide that R. C. 3319.081, 3319.082, and 3319.083 apply to educational aides of all school districts whether city, exempted village, or local. This court has no power to amend the statutes involved, that is solely the prerogative of the General Assembly.

"This does not leave the above-quoted language of R. C. 3319.088 with respect to the rights, benefits, and legal protection of educational aides meaningless with respect to educational aides employed by a city school district. Other statutes, in addition to R. C. 143.01 to 143.48, confer certain such rights, benefits, and legal protection to nonteaching employees of city school districts E. g. R. C. 3319.-084 and 3319.085, 3319.086 and 3319.087, by their terms apply to nonteaching employees of all school districts. (Those sections do not contain any limiting clause such as are in R. C. 3319.081, 3319.082, and 3319.083, as quoted above.)

"Thus, we concur with the trial court's conclusion that R. C. 3319.088 confers no tenure rights upon educational aides employed by a city school district On the contrary, that section expressly provides that educational aides of a city school district shall not have the tenure rights conferred upon classified nonteaching employees of a city school district.

"This leaves for determination the constitutional question raised by plaintiffs-appellants. They contend that if R. C. 3319.088 creates two classes of educational aides, one entitled to the protection of R. C. 3319.081, 3319.082, and 3319.083, and then one not so entitled, this would consti-

tute a violation of the equal protection of the law and a violation of Ohio Constitution, Article II, Section 26, and Article VI, Section 2. The classification of school districts has long been recognized. School districts are divided by law into three classes: local, exempted village, and city. The classification of educational aides is the same as the classification of other nonteaching employees in that those employed by city school districts are placed in one class and those employed by local and exempted village school districts are placed in a different class. In other words, the classification is of school districts rather than employees. The Legislature has seen fit to make different statutory provisions for nonteaching employees of other school districts. It might also be noted that the Legislature has made the same differentiation between employees of cities and those of villages. The basic power of the General Assembly to make such requirements for employees of city school districts has been upheld by the Supreme Court of Ohio in *Karrick et al.* v. *Board of Education of Findlay School District; Findlay Civil Service Commission,* 174 Ohio St. 467. However, the classification issue was not presented to the Supreme Court in that case.

"A classification made by the Legislature will not be disturbed by the courts unless such classification is clearly unreasonable. A classification of employees by the type of school district by which they are employed is not clearly unreasonable. Therefore, the court must conclude that the classification of educational aides by R. C. 3319.088, depending upon whether they are employed by a city school district or by a local or exempted village school district, is not unreasonable nor violative of either the Ohio Constitution, Article I, Section 2, Article II. Section 26, or Article VI, Section 2, or of the Fourteenth Amendment to the United States Constitution. It might be noted that the statute does operate uniformly throughout the state although depending upon the type of school district involved.

"The second aspect of the constitutional argument ad-

vanced by plaintiffs-appellants is that they are denied the equal protection of the law because they are not afforded the same tenure protection afforded other nonteaching employees of a city school district. Significant in this regard is the fact that the primary contention of plaintiffs-appellants appears to be that educational aides employed by a city school district should be afforded the tenure protection of R. C. 3319.081 *et seq.*, afforded nonteaching employees of local and exempted village school districts. While the plaintiffs-appellants would under such construction be afforded tenure protection, the basic problem would still exist because they would still not be afforded the same tenure protection afforded other nonteaching employees of a city school district.

"Moreover, the statutes do not treat all nonteaching employees of a city school district the same. By R. C. 143.-08, the civil service of a city school district is divided into the classified service and the unclassified service. It is only those nonteaching employees of a city school district that are in the classified service who are afforded tenure protection. Those in the unclassified service of a city school district have no statutory tenure protection.

"Thus, when the Legislature in R. C. 3319.088 provided that educational aides have the same rights, benefits, and legal protection available to other nonteaching employees in the school district, it was necessary with regard to city school districts to clarify whether this was to be the rights, benefits, and legal protection of nonteaching employees in the classified service or that of nonteaching employees in the unclassified service. This the General Assembly did by the exception expressly providing that R. C. 143.01 to 143.48, inclusive, shall not apply to educational aides. Thus, the effect of the exception was to place educational aides employed by a city school district in the unclassified service.

"In the absence of such statutory designation, the board of education of a city school district might well have possessed the power to place educational aides in the un-

classified service pursuant to R. C. 143.08 (A) (7) which permits such a board to place in the unclassified service '* * * such employees as are engaged in educational or research duties connected with the public school system * * *.' The General Assembly, however, did not leave such determination with respect to educational aides within the discretion of the board of education of each city school district. Rather, the General Assembly adopted a uniform rule with regard to educational aides employed by city school districts with the resultant effect that they are in the unclassified rather than classified service of a city school district.

"This court cannot find that educational aides employed by a city school district are denied the equal protection of the law because they are in effect afforded the rights, benefits, and legal protection available to the nonteaching employees of a city school district who are in the unclassified service rather than those available to nonteaching employees of a city school district who are in the classified service.

"R. C. 143.27 affords tenure protection only to those nonteaching employees of a city school district who are in the classified service. No tenure protection is available to nonteaching employees of a city school district unclassified service."

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, BRENNEMAN, CORRIGAN, STEPHENSON and LEACH, JJ., concur.

BRENNEMAN, J., of the Ninth Appellate District, sitting for DUNCAN, J.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.