THE STATE, EX REL. PROCTOR ET AL. *v.* BOARD OF
EDUCATION OF ALLIANCE PUBLIC SCHOOL DISTRICT ET AL.

[Cite as State, ex rel. Proctor, v. Bd. of Education (1978),
60 Ohio App. 2d 396.]

(No. CA-4801—Decided May 10, 1978.)

*Messrs. Lucas, Pendergast, Albright, Gibson, Brown &
Newman,* for relators.

*Mr. Robert G. Lavery,* for respondents.

DOWD, J. This is an original action in mandamus
brought by two relators previously employed as school custo-
dians by respondent Board of Education of the Alliance City
School District. The relators seek a writ of mandamus from
this court restoring them to their positions or, alternatively, a
writ of mandamus ordering respondent Alliance Civil Service
Commission to hear the appeal filed by the relators in May
1977 after the respondent board of education voted, pursuant
to R. C. 3319.081, not to renew the contracts previously
granted to the relators. Additionally, the relators seek a writ
of mandamus ordering the Alliance Civil Serivce Commission
to perform the duties imposed upon it by R. C. Chapter 124
with respect to the non-teaching employees of the Alliance
City School District.

The facts are not in dispute, having been presented by
stipulation. The relators, Proctor and Erisey, were first
employed as school custodians in August and February 1974
respectively. Thereafter, on July 1, 1975, the relators each
entered into a written contract agreeing to continue serving
as custodians with the respondent board until the contract
termination date of June 30, 1977. The written form of the

contract indicates that the contracts were issued pursuant to the provisions of R. C. 3319.081.

Respondent board of education notified Proctor and Erisey, by a letter dated April 26, 1977, of the board's intention not to re-employ them at the expiration date of the two year contract.

The relators appealed the board's action to the Alliance Civil Service Commission on May 2, 1977. The Alliance Civil Service Commission refused to hear the appeal and by a letter, over the signature of the president of the Alliance Civil Service Commission, stated the following:

"It is the opinion of the commission that under Ohio Revised Code 124.34, the Alliance Civil Service Commission does not have jurisdiction over school personnel. It is our opinion that you have not held a position under Chapter 124 of the Ohio Revised Code since your appointment did not result from a list established by the Civil Service Commission."

The Alliance Civil Service Commission does not now conduct and never has conducted competitive examinations for non-teaching employees of the Alliance City School District and does not now prepare and never has prepared, maintained, or provided the board of education with eligibility lists for non-teaching school employees from which appointments are made.

The Alliance board of education does not require applicants for positions of employment as non-teaching school employees to pass competitive examinations conducted by the Alliance Civil Service Commission, nor does it appoint non-teaching school employees from a civil service eligibility list.

Neither the board of education nor the civil service commission has adopted any resolution specifically exempting the relators or any other non-teaching employee of the Alliance City School District from the classified civil service. The Alliance Civil Service Commission is a municipal civil service commission appointed pursuant to R. C. 124.40 and is charged with all the responsibility generally conferred upon a municipal civil service commission by R. C. Chapter 124.

With respect to non-certified personnel (non-teaching

employees) of a city school district, such as school custodians, several propositions of law are well established.

First and foremost, such non-teaching employees are members of the civil service subject generally to the provisions of R. C. Chapter 124.[1]

The civil service is divided in two catagories, the classified and the unclassified. The statute reads as follows:

"R. C. 124.11 Unclassified and classified service.***

"(B) The classified service shall comprise all persons in the employ of the state and the several counties, cities, city health districts, general health districts, and city school districts thereof, not specifically included in the unclassified service***."

Those members of the civil service who are part of the classified service enjoy many rights with respect to promotions, suspensions or removal from their employment. With respect to suspension or removal, the employer must have cause and his action in suspending or removing a member of the classified service is subject to review.

The members of the "unclassified service" as defined by R. C. 124.11 (A) are not so protected, normally because of the sensitive nature of their employment. However, non-teaching employees of city school districts do not fall within the unclassified service. Thus, they are members of the classified service. *State, ex rel. Barborak,* v. *Hunston* (1962), 173 Ohio St. 295, 299; *Karrick* v. *Bd. of Education* (1963), 174 Ohio St. 467; *Ohio Assn. of Public School Employees* v. *Bd. of Education* (1971), 28 Ohio St. 2d. 58.

As a direct consequence, the provisions of R. C. 3319.081 do not apply to non-teaching employees of a *city* school district.[2]

---

[1] R. C. 124.01 (A) provides, in relevant part:

"As used in Chapter 124. of the Revised Code:

"(A) 'Civil service' includes all offices and positions of trust or employment in the service of the state and the counties, cities, city health districts, general health districts, and *city school districts* thereof." (Emphasis added.)

[2] The contrary is true with respect to non-teaching employees employed by a local school district. Such employees are not within "city" school districts and as a consequence are not covered by the civil service provisions of Chapter 124 of the Ohio Revised Code. Hence, if the relators had been employed by a local school district rather than a city school district, the action of the board of education in giving them timely notice of the intention not to re-employ them for the succeeding

R. C. 3319.081 provides, in relevant part, as follows:

"***[I]n all school districts *wherein the provisions of Chapter 124 of the Revised Code do not apply,* the following employment contract system shall control for employees, whose contracts of employment are not otherwise provided by law:***." (Emphasis added.)

Rather, with respect to the removal of a non-teaching employee in a city school district, the provisions of R. C. 124.34 control. Thus, the April 1977 action of the Alliance City School Board of Education not to rehire the relators was a nullity. As a board of education of a *city school district,* the respondent board had no power to so act. Nor did the fact that the relators executed the two year contracts confer upon the board the power to "non-renew." A city board of education does not acquire a power of removal over a member of the classified civil service by means not recognized by statute. Rather, once the non-teaching employee of the city school district has served his probationary period, his subsequent removal must be accomplished pursuant to the provisions of R. C. 124.34.

Furthermore, the fact that the respondent civil service commission has been inactive with respect to conducting competitive examinations for non-teaching employees and does not maintain eligibility lists for the appointment of non-teaching school employees does not justify in law the practice of the Alliance City School Board in employing limited contracts for such positions pursuant to inapplicable provisions of R. C. 3319.081.

The problem of inactivity by a city civil service commission was addressed in *State, ex rel. Stough,* v. *Bd. of Education* (1977), 50 Ohio St. 2d. 47, 48, where the court stated:

"*Further, the argument raised by the board that subject-matter jurisdiction does not attach until the commission has taken the steps required for compliance with R. C. 124.40, by establishing classification and testing procedures, has no basis in the statutory language.* Under R. C. 124.11 (B), 'the classified service shall comprise all persons in the employ of the state and city school districts thereof, not specifically in-

---

school year would have been in compliance with the provisions of R. C. 3319.081 and the relators would have no remedy in law.

cluded in the unclassified service,' and R. C. 124.34 grants a right of appeal to the commission to 'every officer or employee in the classified service of the state***.' *These statutes contain no suggestion that the jurisdiction of the commission depends upon its having adopted rules relating to that officer or employee.*" (Emphasis added.)

A member of the classified civil service may be removed from his employment but such removal must be accomplished consistent with the provisions of R. C. 124.34 which provides, in pertinent part, as follows:

"The tenure of every officer or employee *in the classified service* of the state and the counties, civil service townships, cities, city health districts, general health districts, and *city school districts thereof,* holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended or removed, except as provided in section 124.32 of the Revised Code and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior or any other acts of misfeasance, malfeasance, or nonfeasance in office.***

"In any case of reduction, suspension of more than five working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor." (Emphasis added.)

It is without dispute that no effort was made by respondent board of education to comply with the provisions of R. C. 124.34 in the removal of the relators.

We turn now to a consideration of whether a writ of mandamus should issue compelling the restoration of the relators to their positions as school custodians. The right of a member of the classified service to a writ of mandamus ordering his reinstatement when he has been removed *contrary to the provisions of R. C. 124.34* is well established. *State, ex rel. Bay,* v. *Witter* (1924), 110 Ohio St. 216; *State, ex rel. Brittain,* v. *Bd. of Agriculture* (1917), 95 Ohio St. 276; *State, ex rel. Desprez,*

v. *Bd. of Commrs.* (1933), 47 Ohio App. 1; and *Toledo* v. *Osbourn* (1926), 23 Ohio App. 62.

With respect to the issue of whether a writ of mandamus should issue, respondent board of education has taken the position (assuming arguendo that R. C. 3319.081 is inapplicable and that the removal of the relators was contrary to the provisions of R. C. 124.34) that the relators had an adequate remedy at law by way of an appeal from the ruling of the civil service commission that it had jurisdiction. Thus, the respondents claim that the removals have become *res judicata* beyond the reach of mandamus because of relators' failure to take a direct appeal from the action of the civil service commission. We reject that position on the authority of *State, ex rel. Bay,* v. *Witter, supra; State, ex rel. Brittain,* v. *Bd. of Agriculture, supra; Toledo* v. *Osbourn, supra,* and *State, ex rel. Desprez,* v. *Bd. of Commrs., supra.*

In sum, we conclude that the relators are entitled to be reinstated to their positions as custodians with the Alliance City School District and a writ of mandamus to that effect will issue at respondents' costs.

However, it is not appropriate in this action for this court to adjudicate the amount of back pay, if any, due the relators. See *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190.

Finally, we decline on the complaint of the two relators to issue a writ of mandamus directing the civil service commission to perform the duties imposed upon them by R. C. Chapter 124 with respect to the non-teaching employees of the Alliance City School District. We distinguish this controversy from that presented in *State, ex rel. Ohio Assn. of Pub. Sch. Employees,* v. *Civ. Service Comm.* (1976), 45 Ohio St. 2d 295, cited by the relators as authority for the issuance of a writ of mandamus. However, the fact that we decline to issue such a writ should not be construed to be a declaration that the Alliance Civil Service Commission has no responsibility to perform the duties imposed upon it by the provisions of R. C. Chapter 124 with respect to the non-teaching employees of the district. Our resolution of this controversy is testimony to the contrary.

*Judgment accordingly.*

RUTHERFORD, P. J., and PUTMAN, J., concur.