THE STATE, EX REL. MOORE, APPELLANT, *v.*
SANDERS, SHERIFF, APPELLEE.

[Cite as State, ex rel. Moore, v. Sanders (1981),
65 Ohio St. 2d  72.]

(No. 80-1418—Decided March 25, 1981.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. W. Joseph Strapp,* for appellant.

*Mr. James A. Berry,* prosecuting attorney, and *Mr. David E. Smith,* for appellee.

*Per Curiam.* The appellant sets forth the following propositions of law: (1) that delay in asserting a right does not of itself constitute laches where a deputy, who is unlawfully removed by the sheriff, brings an action for reinstatement shortly after learning of his rights as a classified civil servant and where the sheriff has not been materially prejudiced by the delay, and (2) that an action by a classified civil servant whose removal was contrary to R. C. 124.34 is governed by the six-year statute of limitations in R. C. 2305.07 and not by the doctrine of laches where the delay in question was excusable and the appointing authority was not materially prejudiced thereby.

The determinative issue herein is whether the Court of Appeals abused its discretion in denying the writ of manda-

mus for the reason that appellant had allowed an unreasonable time to elapse from the date of his discharge, January 30, 1976, to September 21, 1977, the date of filing the first mandamus action; and finding that such delay was prejudicial to Sheriff Sanders.

Appellant argues that any delay in his bringing the first mandamus action may be excused because of his reliance upon the "faulty" advice given to him by two different attorneys. Appellant cites *State, ex rel. Sheets,* v. *Portsmouth* (1944), 143 Ohio St. 302, in support of this argument.

Additionally, as further reasons for his delay in bringing any legal action, appellant sets forth the time spent in his unsuccessful candidacy for sheriff and the successful candidate's (Sanders) promise of reinstatement.

Upon a review of the totality of the facts and circumstances of this case, we hold that the Court of Appeals did not abuse its discretion in denying the writ.

Here, the Court of Appeals, while acknowledging that the appellant was an employee within the civil service of the state and, further, that he had not been discharged according to the provisions of R. C. Chapter 124, nevertheless held that:

" * * * A court, in the exercise of its discretion, may refuse to issue a writ of mandamus, in favor of a relator who has allowed an unreasonable time to elapse before bringing the action, especially where such delay may be prejudicial to the rights of the respondent."

The court cited and relied upon *State, ex rel. Stoer,* v. *Raschig* (1943), 141 Ohio St. 477 (civil servant who waited 11 months after dismissal precluded from restoration by writ of mandamus because of laches), and *State, ex rel. Smith,* v. *Witter* (1926), 114 Ohio St. 357 (civil service employee who waited more than two years after removal before bringing a mandamus action for restoration and salary held barred by laches).

The appellant argues that this court's ruling in *State, ex rel. Sheets,* v. *Portsmouth, supra,* is supportive of his position. We note that in *State, ex rel. Sheets,* this court did suggest, at page 304, that the defense of improper legal advice "would have appeal" in a case where there was a "valid subsisting cause of action." However, here, the defense of im-

proper legal advice does not have "appeal," since the appellant's actions subsequent to receiving that advice waived his right of restoration to office. Basically, the same situation prevailed in *Sheets*. In that case, the relator-employee, based upon faulty advice, had voluntarily retired and accepted a pension. Here, the appellant ran for the office of sheriff subsequent to receiving the faulty advice, and we view such act as constituting an act of waiver of his right of restoration. Such facts viewed in their totality bring us to the conclusion that appellant has failed to overcome the assertion of laches.

Appellant further argues that R. C. 2305.07 would authorize the bringing of this mandamus action any time within six years. However, we hold that laches may be a bar to the bringing of this action even in light of this statute. As set forth in 35 Ohio Jurisprudence 2d, Mandamus, Section 40, at pages 289-290:

"Irrespective of whether a mandamus action is barred by a statute of limitations, it is well settled that an application for the writ must be made within a reasonable time after the alleged fault or neglect of duty, and that laches or delay in making an application may afford sufficient cause for its denial, especially if the delay has been prejudicial to the rights of the respondent or to those of other persons. The relator must be diligent in applying for this extraordinary remedy, and inasmuch as mandamus lies within the sound discretion of the court to which application for the writ is made, the question whether laches has barred the claim of the relator rests in the sound discretion of the court * * * ."

We hold that the Court of Appeals had before it sufficient evidence to conclude that the appellant was in fact guilty of laches in bringing his first mandamus action, and that such delay was prejudicial to the appellee, Sheriff Sanders. Under these circumstances, we cannot say that the Court of Appeals abused its discretion in reaching such conclusion.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., concurs separately.

C. BROWN, J., dissents.

CELEBREZZE, C. J., concurring. The majority bases its decision on the doctrine of laches. Before the majority addressed the issue of laches, I believe it should have decided whether mandamus was appropriate. Because mandamus relief was not appropriate, I must concur in the judgment.

A court may grant a writ mandamus only after it finds that relator has a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that relator has no adequate remedy at law. *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6.

R. C. 124.34 provides for the filing of an appeal, in writing, with the State Personnel Board of Review within 10 days of the filing of a removal order. In the case at bar, as in most cases where employees designated to be in the unclassified service are terminated, no removal order was filed. It is because of the silence of R. C. Chapter 124 regarding such terminations that the Court of Appeals held that mandamus was appropriate.

R. C. 124.34, however, places strict limitations on removals of all employees in the classified service. These limitations would be of little effect if employees designated as unclassified by their appointing authorities could not obtain board review of the validity of that designation. As this court stated in *Yarosh* v. *Becane* (1980), 63 Ohio St. 2d 5, at page 10:

"The object of the civil service system is to provide stability of employment in the public sector. An essential element of the system is review of removals by the board. Such review offers the employee a chance to be heard in a relatively simple and expeditious proceeding.

"An appointing authority cannot deny employees this right of review merely by declaring them to be unclassified. The board has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, regardless of how they have been designated by their appointing authorities. In the case at bar the board determined that the deputies were in the classified service."

Any result denying review would be an abuse and unrea-

sonable. It is presumed that the General Assembly does not enact laws producing unreasonable or absurd consequences. *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47. As a consequence, such review must be inferred from R. C. 124.34 in conjunction with R. C. 124.03.*

Because such review constitutes an adequate remedy at law, mandamus was inappropriate and the judgment of the Court of Appeals should be affirmed on that basis.

CLIFFORD F. BROWN, J., dissenting. I disagree with the basic premise for denial of the writ of mandamus, namely, that appellant allowed an unreasonable time to elapse from the date of his discharge, January 30, 1976, to September 21, 1977, the date of filing the first mandamus action, and is therefore guilty of laches which bars mandamus relief. The writ of mandamus should be granted.

Ohio courts have consistently held that when an appointing authority fails to follow the mandatory provisions of R. C. 124.34 the removal is invalid and the employee is entitled to a writ of mandamus ordering his reinstatement. *State, ex rel. Bay,* v. *Witter* (1924), 110 Ohio St. 216; *State, ex rel. Brittain,* v. *Bd. of Agriculture* (1917), 95 Ohio St. 276; *State, ex rel. Proctor,* v. *Bd. of Education* (1978), 60 Ohio App. 2d 396; *State, ex rel. Bechstein,* v. *Bd. of Education* (1978), 57 Ohio App. 2d 214.

The Court of Appeals for Clark County, in *Moore* v. *Clark County Sheriff* (November 3, 1978), No. CA-1269, unre-

---

* R. C. 124.03 states in relevant part:

"The state personnel board of review shall exercise the following powers and perform the following duties of the department of administrative services:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification; the board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director of administrative services, as the case may be, and its decision is final;

" * * *

"(F) To adopt and promulgate rules in accordance with Chapter 119. of the Revised Code, relating to the procedure of the board in administering the laws which it has authority or duty to administer and for the purpose of invoking the jurisdiction of the board in hearing appeals of appointing authorities and employees in matters set forth in divisions (A) and (B) of this section;"

ported, recognized this principle in an earlier appeal and correctly concluded "that the order of removal was void and of no effect" and "that the proper remedy was mandamus."

In the case *sub judice* this court in the majority opinion recognizes that mandamus relief was the appropriate remedy for relator, by stating as follows: "In the absence of a removal order, however, the Court of Appeals held that Moore had no right of appeal to the State Personnel Board of Review and that his proper remedy was mandamus."

Since relator is entitled to relief the issue is whether he should be barred by the doctrine of laches. Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim. *Smith* v. *Smith* (1959), 168 Ohio St. 447, paragraph three of the syllabus; 20 Ohio Jurisprudence 2d, Equity, Sections 81 and 84.

The delay of appellant Moore was excusable. The sheriff furthermore was not materially prejudiced by the delay. Before leaving the sheriff's office on the date of his removal, Moore telephoned a local attorney who advised him that deputies were not covered by civil service. The following week Moore sought a second opinion from another attorney who also gave the same advice to Moore.

An additional reason for delay in commencing the initial mandamus action in September 1977, was that Moore unsuccessfully sought the nomination for sheriff in the spring primary of 1976. The successful candidate for sheriff assured Moore that he would rectify Moore's situation when he took office in January 1977, but the new sheriff failed to do so. In February 1977, Moore read in the newspaper that 15 Clark County deputies had filed a lawsuit because the sheriff had laid them off contrary to the civil service laws. These new accounts indicated to Moore that deputies were in fact covered by civil service. This information caused Moore to find a lawyer experienced in civil service law to represent him.

In August 1977, Moore tried to settle his claim without filing legal action. When this failed he commenced his first mandamus action. Accordingly, between January 30, 1976,

and September 21, 1977, the period during which the sheriff claims the doctrine of laches ripened, Moore was extremely diligent to regain his position as deputy sheriff. These circumstances caused the delay to be excusable.

The Court of Appeals cited *State, ex rel. Sheets,* v. *Portsmouth* (1944), 143 Ohio St. 302, for the proposition that faulty advice given by counsel "is insufficient defense to the assertion of laches."

This is misplaced reliance on *Sheets, supra.* Faulty advice of counsel was not controlling in *Sheets.* The controlling fact was the absence of a "valid subsisting cause of action." This court in *Sheets* even noted that faulty advice of counsel, as a reason for overcoming the defense of laches, "would have appeal" in a case involving "a valid subsisting cause of action." The valid subsisting cause of action which was absent in *Sheets* is clearly present in the case *sub judice.* Therefore the faulty advice of counsel which contributed to Moore's delay is sufficient to overcome the defense of laches. Instead of *Sheets* serving as precedent for denying the writ of mandamus, it stands as a precedent for granting the writ where the relator's delay in seeking relief involved the circumstances described herein.