the cause remanded for further proceedings according to law.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur in the syllabus, opinion, and judgment.

Welch, Appellant, *v.* City of Lima, Appellee.

(No. 998—Decided July 10, 1950.)

*Messrs. Cable & Cable* and *Messrs. Lippincott & Lippincott*, for appellant.

*Mr. Lee G. Van Blargen* and *Mr. I. B. Steele*, for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Municipal Court of Lima, iu an action wherein the appellant, Bruce H. Welch, was plaintiff and the appellee, the city of Lima, was defendant.

In his amended petition the plaintiff purported to plead four causes of action, but, in fact, pleaded only one, to wit, a cause of action to recover the difference between the amount paid him by the city as salary for his services as a regular fireman during the period from May 15, 1932, to January 15, 1936, inclusive, and the amount fixed for his salary by an ordinance of the city. The salary fixed by the ordinance was $137.50 per month, and the amount paid him during such period was $10.30 per month less than the amount fixed by ordinance. The total amount withheld during such period was $588.80, no part of which has been paid to plaintiff.

In what is designated as his first cause of action plaintiff, in substance, alleged that the above-mentioned part of his salary was withheld by the city upon its promise of payment after expiration of the then financial stringency of the city, which terminated in 1947.

In this designated cause of action plaintiff alleged further that, as he served continuously during such period in his capacity as a fireman and the city had the benefit of his services, it is estopped to deny its liability to pay him therefor.

In his second designated cause of action plaintiff, in substance, alleged that he permitted part of his salary

to be withheld by the city because of the representations by its duly authorized officers that the withholding was necessary to assure his continued employment at his fixed salary level and that he would be paid the amount withheld upon expiration of the then financial stringency, which terminated in 1947; and that his rights under the civil service laws of Ohio were thereby violated.

In his third designated cause of action, plaintiff, in substance, alleged that he permitted part of his salary to be withheld by the city because of representations by its duly authorized officers and agents that his salary would remain at its fixed level and that he would be paid the withheld portion of his salary upon the expiration of the then financial stringency.

In his fourth designated cause of action the plaintiff, in substance, alleged that the withholding by the city of a portion of his salary constituted a taking of his property without due process of law in violation of his constitutional rights.

To this amended petition and to each cause of action therein stated, a demurrer was filed by the municipality on the following grounds:

(a) The amended petition and each cause of action therein did not state facts which showed a cause of action.

(b) Each cause of action in the amended petition was barred by the statute of limitations, Section 11222, General Code.

(c) The action was not brought within the time limited for the commencement of such action, that is, within six years, as provided in Section 11222, General Code.

The lower court overruled the demurrer as to the first, second, and third designated causes of action and sustained it as to the fourth.

Thereafter, the city filed its answer to the amended petition in which it admitted its corporate existence; admitted that on the 23rd day of July 1917 the plaintiff was employed by the city as a regular fireman in its fire department and continued in that employment until the 1st day of December 1944; admitted that during the period of plaintiff's employment his salary was fixed by ordinance; admitted that the ordinance fixing his salary at $137.50 per month remained unchanged from the 15th day of May 1932 to the 15th day of January 1937, inclusive; admitted that by reason of the financial stringency of the city plaintiff agreed with the city that he would accept an amount less than his monthly salary of $137.50, from the 15th day of May 1932, to and including the 15th day of January 1937; and admitted that plaintiff did accept from the municipality an amount less than his monthly salary of $137.50, from the 15th day of May 1932, to and including the 15th day of January 1937.

Four separate defenses were pleaded by the city in its answer to the amended petition. The first was a general denial, the second was the statute of limitations, the third was laches and delay on the part of plaintiff in asserting his claim, and the fourth was that a lost or destroyed document authorized the salary deduction.

Plaintiff for reply averred that the amount of his salary withheld by the city was not due him until the city recovered from its financial stringency, and that the city recovered from its financial stringency in 1947, whereupon the sum of $588.80 became due and payable to plaintiff, and denied that he was guilty of laches or that he signed the alleged instrument set forth in the city's answer.

The cause was submitted to the Municipal Court upon the pleadings and was tried before a jury.

Upon the trial no evidence was introduced tending to prove the existence of the lost or destroyed document referred to in the fourth defense pleaded by defendant, so it is unnecessary to consider that defense.

It is averred in the amended petition and not controverted in the answer that plaintiff was a civil service employee of the fire department of the city from July 3, 1917, to September 1, 1944; that his compensation was fixed by ordinance which was in full force and effect and which remained unchanged during the period from May 15, 1932, to January 15, 1937; and that his compensation as fixed by such ordinance for the period of May 15, 1932, to January 15, 1937, was $137.50 per month.

It is admitted by the pleadings that the city did not pay plaintiff all his compensation as fixed by ordinance, it having deducted therefrom the sum of $10.30 per month during the period between May 15, 1932, and January 15, 1937, a total of $576.80. It is admitted further by the pleadings that the city was suffering a financial stringency during such period, that by reason thereof a deduction of $10.30 per month was made from plaintiff's salary, and that the city has not paid these deductions to the plaintiff.

In addition to the above-conceded facts the plaintiff presented evidence which consisted of his testimony, the testimony of active and retired members of the fire department of the city, the testimony of a former clerk of the Municipal Court of Lima, and the testimony of the auditor and a former treasurer of the city.

The plaintiff, through his testimony and the testimony of the active and retired members of the fire department established that a meeting was held during the month of May 1932 at the central fire station in Lima, which meeting was attended by members of

the fire department, Fred Becker, now deceased, who was then city manager, Dave Bogart, now deceased, who was then a member of the city commission, and Charles Churchill who was then auditor of the city.

Following this the plaintiff attempted to introduce in evidence certain statements by city manager Becker and city commissioner Bogart to the effect that the municipality was in financial distress; that it was necessary to curtail expenses; that other municipalities had requested voluntary salary reductions of their employees; that if members of the fire department were agreeable to accept a voluntary salary reduction the money would be paid when the municipality was financially able; and that otherwise it would be necessary to go to the commission and have an ordinance passed cutting wages which would be more drastic and men would be laid off. This evidence was excluded by the court.

The plaintiff also offered evidence tending to prove that similar statements were subsequently made by city manager Becker. This evidence was also excluded.

The plaintiff thereafter proffered evidence tending to prove that the financial stringency terminated in 1947 and that during that year and thereafter the city was financially able to pay the plaintiff. This evidence was also excluded.

Upon cross-examination the plaintiff admitted that he accepted, endorsed, and cashed his reduced salary checks; and that he made no demand upon the city for the payment of any withheld salary until the latter part of 1948 or the fore part of 1949.

A copy of the charter of the city was introduced in evidence and is attached as an exhibit to the bill of exceptions. This charter was in full force and effect during all the times referred to in the amended petition.

Section 3 of the charter provides:

"Section 3. Creation and powers. There is hereby created a city commission to consist of five electors of the city elected at large, who shall hold office for a term of four years beginning January 1st after their election, excepting that the two members elected at the first election by the lowest vote shall hold office for the term of two years.

"All the powers of the city, except such as are vested in the board of education, board of health, and the judge of the criminal court, and except as otherwise provided by this charter or by the Constitution of the state, are hereby vested in the city commission; and, except as otherwise prescribed by this charter or by the Constitution of the state, the city commission may by ordinance or resolution prescribe the manner in which any power of the city shall be exercised. In the absence of such provisions as to any power, such power shall be exercised in the manner now or hereafter prescribed by the general laws of the state applicable to municipalities."

Section 17 of the charter provides, among other things:

"The powers and duties of the city manager shall be:

"(e) To attend all meetings of the commission, with a right to take part in the discussions but having no vote.

"(f) To recommend to the commission for adoption such measures as he may deem necessary or expedient."

Upon the conclusion of the testimony offered by the plaintiff, a motion for a directed verdict for the defendant was sustained, and the court directed the jury to return its verdict in favor of the city. Judgment was thereafter entered upon the verdict, and

that is the judgment from which this appeal is taken.

The plaintiff assigns error in a number of particulars but in his brief specifies and argues only the following two:

1. Error in refusing to admit testimony and exhibits offered by plaintiff.

2. Error in withdrawing the case from the jury and directing a verdict for defendant.

In the exercise of our statutory prerogative the errors specified and argued in plaintiff's brief will be the only ones considered. They will be considered in the order mentioned.

1. It is the settled law of Ohio that a municipality has only such powers as are conferred by the Constitution, the statutes of the state, and by charter adopted pursuant to the Constitution and statutes of the state; that the officers of a municipality have only such powers as are conferred by the Constitution, statutes, and charter; and that such powers may be exercised only in the manner prescribed by statute and the charter.

The powers of the city of Lima and its officers are conferred by its charter.

It will be noted that under its charter all powers of the city, except certain specific ones not involved in this case, are vested in the city commission, and that, except as otherwise provided by the charter or the Constitution of the state, the city commission may by ordinance or resolution prescribe the manner in which the powers of the city shall be exercised.

Under the statutes and the charter, the city commission has the sole power to authorize the making of any agreements upon the part of the city and such power can be exercised only by the commission assembled and acting as a body.

Neither a member of the commission, as an individ-

ual, nor the city manager has any authority to authorize any binding agreement upon the part of the city.

Persons dealing with municipal corporations are charged with notice of all limitations upon the authority of the municipality or its agents, and they are required, at their peril, to ascertain whether statutory requirements relating to the subject of the transaction have been complied with. 28 Ohio Jurisprudence, 924 and 925, Municipal Corporations, Section 575 and cases there cited.

In this case, there is no evidence of any action by the city commission authorizing, acquiescing in, or ratifying the making of any agreement upon the part of the city whereby any portion of plaintiff's salary should be withheld during any period of time or that the time of payment thereof should be extended to any specified time. Consequently, evidence tending to prove that such an agreement was made on behalf of the city by the city manager and a member of the city commission acting individually and evidence tending to prove the existence of the financial stringency of the city and of the ability of the city to pay the withheld portion of plaintiff's salary upon the expiration of such financial stringency was properly excluded.

2. As hereinbefore stated, there is no evidence tending to prove a valid agreement between the city and the plaintiff as to the withholding of payment of a portion of plaintiff's salary or extending the time of payment thereof.

In the absence of evidence tending to prove such an agreement, plaintiff's salary and all portions thereof became due and payable each month, as prescribed by the salary ordinance of the city, and the causes of action for any unpaid portions of such salary accrued when such unpaid portions became due.

We approve and adopt as correct statements of law applicable to an action such as this, as well as to such

an action by a police officer, the syllabus of the case of *Wright* v. *City of Lorain,* 70 Ohio App., 337, 46 N. E. (2d), 325, which syllabus reads as follows:

"1. An action by a police officer of a municipal corporation to recover deductions in salary which had been made during several years of municipal financial stringency, is based upon a liability created by statute, and the six-year statute of limitation (Section 11222, General Code) runs in favor of the municipality.

"2. The statute of limitations may be invoked by a municipal corporation in the same manner and to the same extent as individuals; and the doctrine of estoppel may in a proper case be applied to prevent a fraudulent or inequitable resort to such statute as a defense."

Applying the law as set forth in the above syllabus to the facts of the instant case, it is apparent that a cause of action in favor of the plaintiff for the amounts withheld accrued each month as the monthly installments of salary became due in accordance with the terms of the salary ordinance, and that, as this action was not commenced until May 25, 1949, the causes of action for all the items of salary withheld are barred by the provisions of Section 11222, General Code, unless the city is estopped from pleading the provisions of the statute as a defense.

Plaintiff contends that the city is so estopped for the following reasons:

1. Under the statutes applicable to civil service, plaintiff was entitled, by reason of his seniority under the civil service laws, to priority as to employment over a large number of other members of the fire department, and if the number of firemen had been reduced by the city he would have been entitled, by reason of his seniority, to continue in his employment without reduction in salary, and the action of the city in not reducing the number of firemen and withhold-

ing payment of portions of his salary amounted to coercion, precluding the city from resorting to the defense of the statute of limitations.

2. The city had received the benefit of his services during the period that payment of a portion of his salary was withheld by it and was thereby precluded from resorting to the defense of the statute.

3. The withholding of payment by the city of portions of plaintiff's salary constitutes a taking of his property without due process of law in violation of his constitutional rights.

We will consider these contentions in the order mentioned.

1. The city, in its period of financial stringency, had the legal right either to reduce the number of firemen employed by it or to reduce their salaries, or both, so that their employment would come within the limits of the funds available for payment of members of the department. Hence, the proposal of the city manager to the effect that the city would have to reduce salaries unless members of the department consented to the deductions from their salaries as fixed by ordinance did not constitute coercion or deprive plaintiff of any rights by reason of his civil service seniority.

2. As hereinbefore mentioned, no agreement authorizing the city to withhold payment of portions of plaintiff's salary had been made by anyone authorized to make such an agreement on behalf of the city.

It is true that the city had the benefit of plaintiff's services as a fireman during the period in which portions of his salary were withheld by the city, and that the city was obligated to pay plaintiff's salary as prescribed by its salary ordinance.

It is also true that there is no evidence tending to prove that the city commission, which had the sole

authority in the matter, authorized, acquiesced in, or ratified any agreement whereby portions of plaintiff's salary were withheld or the time of payment thereof was extended until such time as the city should be financially able to pay the same.

Estoppel of the city may be predicated only upon the actions of some governing body or official who has authority to act, such as the city commission in the instant case, and it may not be predicated upon the actions of others who are without authority to act on behalf of the city.

Consequently, the receipt by the city of the benefits of plaintiff's services during the period in which portions of his salary were withheld did not in any way estop the city from resorting to the defense of the statute of limitation.

The decisions of the Common Pleas Court of Franklin County, in the cases of *Cummings* v. *City of Columbus,* No. 16692, and *Mangold* v. *City of Columbus,* No. 168125 (both unreported), on the question of estoppel are not applicable to the facts of the instant case as those decisions are predicated on certain resolutions of the council of the city of Columbus recognizing the validity of certain agreements between that city and its employees relating to the withholding of portions of the compensation of such employees, as prescribed by salary ordinances of such city, until such time as the city should be financially able to pay the same. The city council, in that case, had full authority to act in the premises on behalf of the city of Columbus, whereas, in the instant case, there is no evidence tending to prove any action of any nature by the city commission on behalf of the city of Lima.

3. The retention by the city of a portion of the plaintiff's salary did not constitute a taking of his property without due process and did not violate his constitutional rights.

The same situation exists when any debtor fails to pay the full amount due to a creditor. The unpaid portion never becomes the property of the creditor, and, consequently, its retention does not constitute a taking of property without due process.

Furthermore, if such retention constituted a taking of property without due process, a cause of action for its recovery would accrue at the time the retention occurred.

The contention of the plaintiff that the city is estopped to resort to the statute of limitation as a defense to his cause of action is, therefore, without merit.

The plaintiff contends further that, as the city, through its commission, had power, by ordinance, to enter into an agreement proposed by the city manager, the member of the city commission, the auditor, and members of the fire department, the agreement made by them was voidable and not void; and, being voidable, it was subject to ratification by the city.

He contends further that the city ratified this agreement by the following acts on its part:

A. The city withheld exactly seven and one-half per cent from the wages of plaintiff, which was an integral part of the arrangement.

B. The city did not lay off any of the firemen as provided by Section 486-17(b), General Code, but retained the services to its benefit of all the members of the force of firemen, which was an integral part of the arrangement.

C. The city did not reduce the wage ordinance, likewise an integral part of the arrangement.

These contentions will be considered together.

As we have hereinbefore stated, the city commission had the sole authority to act on behalf of the city in authorizing, acquiescing in, or ratifying the arrangement hereinbefore discussed.

There is no evidence tending to prove that the city commission acted in any manner referable to the arrangement or to the authorizing, acquiescing in, or ratifying of such arrangement.

The portions of plaintiff's salary that were withheld by the city were withheld by officers of the city other than the members of the city commission.

The city neither laid off nor reduced the salaries of any firemen, and although these matters, together with the withholding of portions of the salaries, were an integral part of the arrangement made by the city manager, a member of the city commission, and the city auditor with the firemen, there is no evidence that the city commission, which was vested with the sole power to act in the premises, in any manner authorized, acquiesced in, or ratified the arrangement.

As the city commission did not act in any of the respects mentioned, there was no ratification of the arrangement on the part of the city.

Under the law there were no issues raised by the evidence requiring submission to the jury.

For the reasons mentioned, the court did not err in any of the particulars assigned by plaintiff and specified and argued in his brief. The judgment of the Municipal Court is, therefore, affirmed, and the cause remanded for execution.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.