OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     The State ex rel. North Olmsted Fire Fighters Association,
Local 1267 of the International Association of Fire Fighters,
et al., Appellants and Cross-Appellees, v. City of North
Olmsted et al., Appellees and Cross-Appellants.
     [Cite as State ex rel. N. Olmsted Fire Fighters Assn. v.
N. Olmsted (1992),     Ohio St.3d     .]
Public employment -- Vacation leave -- National Guard service
     qualifies as prior state service under R.C. 9.44 -- R.C.
     9.44 requires a current public employer to treat
     qualifying prior state service as if it were service with
     that employer, such that the value of the service, if any,
     is determined by the current employer's vacation leave
     policy -- R.C. 2305.07 limits the actionability of R.C.
     9.44 claims.
     (No. 90-2191 -- Submitted July 8, 1992 -- Decided
September 2, 1992.)
     Appeal and Cross-Appeal from the Court of Appeals for
Cuyahoga County, No. 58968.
     Appellant Richard A. Smith is a Captain in the North
Olmsted Fire Department and a member of the bargaining unit
represented by appellant North Olmsted Fire Fighters
Association ("union").  Smith joined the fire department as a
full-time employee in August 1965.  In July 1988, he asked that
appellees, city of North Olmsted and its mayor ("city"), credit
him with additional vacation leave in recognition of his prior
service in the Ohio Air National Guard ("National Guard").
     Smith served on active and inactive duty in the National
Guard for approximately five years and nine months during 1957
through 1962.  He claimed that his military duty entitled him
to fifteen weeks more vacation by operation of R.C. 9.44 (prior
state service of city employee to be counted for the purpose of
computing vacation leave).  The city disagreed and refused to
reassess his vacation leave.  Smith filed a grievance, but the
city declined to participate in arbitration.  The parties now
agree that the collective bargaining agreement does not
specifically cover vacation leave attributable to prior state
service.
     In the Court of Appeals for Cuyahoga County, Smith and his
union sought a writ of mandamus to order that North Olmsted

count Smith's National Guard service in determining his vacation leave. They argued that R.C. 9.44 required recognition of all this service, regardless of whether Smith was on active or inactive duty. They also urged the court not to apply laches or the six-year statute of limitations in R.C. 2305.07.

On cross-motions for summary judgment, the court of appeals granted the writ, but only to compel "prior service vacation credit for the time periods [Smith] actually worked [in the National Guard], that is, during basic training, one weekend per month, two weeks per year, and ten months in France." The court held that since members of the state military service are unclassifed civil servants under R.C. 124.11(A)(6), Smith's tenure in the National Guard is prior state service under R.C. 9.44. However, because the court read the word "service" in R.C. 9.44 to refer only to employees who actually perform work, as opposed to employees who are merely available for work, the court did not grant relief for Smith's inactive duty.

With respect to R.C. 2305.07, the court of appeals held that "a new and distinct claim" arose each year Smith was not credited for his prior state service. The court, therefore, ordered that Smith's National Guard service be credited toward vacation leave only for the period commencing on December 18, 1983, six years before Smith filed his complaint for a writ of mandamus. The court also rejected North Olmsted's laches defense, holding that the city had not demonstrated material prejudice from Smith's delay in asserting his claim.

Smith and the union appeal the decision not to count Smith's five years and nine months in the National Guard as five years and nine months of full-time state employment. They also appeal application of the six-year statute of limitations. By cross-appeal, North Olmsted challenges the decision to allow Smith any prior service credit and reasserts laches.

Joseph W. Diemert, Jr. & Associates Co., L.P.A., Joseph W. Diemert, Jr. and Thomas M. Hanculak, for appellants and cross-appellees.
Michael R. Gareau, Director of Law, and James M. Dubelko, for appellees and cross-appellants.

Per Curiam.   This case presents the following questions for our review. First, is service in the National Guard prior state service for the purpose of R.C. 9.44? Second, does R.C. 9.44 impose a duty for North Olmsted to count Smith's five years and nine months of National Guard service as five years and nine months of full-time prior state service toward his vacation leave? Third, did the court of appeals err by applying the six-year statute of limitations? Fourth, did the court of appeals err by rejecting laches as a defense?
For the reasons that follow, we hold that (1) National Guard service qualifies as prior state service under R.C. 9.44; (2) R.C. 9.44 requires a current public employer to treat qualifying prior state service as if it were service with that employer, such that the value of the service, if any, is determined by the current employer's vacation leave policy; (3)

R.C. 2305.07 limits the actionability of R.C. 9.44 claims; and (4) North Olmsted did not prove Smith's delay caused the material prejudice required for laches to apply. Accordingly, we affirm in part and reverse in part the court of appeals' judgment. Moreover, because a material fact -- the conditions under which North Olmsted fire fighters accrued vacation leave during the period Smith may be entitled to relief -- has not been resolved, we remand this case for further proceedings.

                            Prior State Service

R.C. 9.44, at all times relevant to this case, has provided:

"[A] person employed, other than as an elective officer, by the state or any political subdivision of the state, earning vacation credits currently, is entitled to have his prior service with any of these employers counted as service with the state or any political subdivision of the state, for the purpose of computing the amount of his vacation leave. The anniversary date of his employment for the purpose of computing the amount of his vacation leave, unless deferred pursuant to the appropriate law, ordinance, or regulation, is the anniversary date of such prior service." See Sub.H.B. No. 202 (133 Ohio Laws, Part II, 1917), Am.Sub.H.B. No. 178 (142 Ohio Laws, Part II, 2564, 2565), and Am.H.B. No. 552 (143 Ohio Laws, Part IV, 5670, 5671).

North Olmsted argues that "service," as used in R.C. 9.44, was not intended to include employment in the National Guard because (1) military service is not mentioned as an example of prior state service in the Bill Analysis by the Legislative Service Commission (Comment to proposed Sub.H.B. No. 202 [R.C. 9.44]), and (2) members of the National Guard do not accumulate vacation leave and, therefore, have no vacation benefits to "bring with them" to a subsequent public employer. We are not persuaded by the city's first argument because the comment does not refer to any specific form of employment by the state. We also reject its second argument because the city misreads State ex rel. Clark v. Greater Cleveland Regional Transit Auth. (1990), 48 Ohio St.3d 19, 23, 548 N.E.2d 940, 943, and incorrectly claims that R.C. 9.44 operates to preserve accrued vacation benefits, not just service.

Furthermore, the court of appeals' conclusion that members of the National Guard are state employees is inescapable. R.C. 124.11(A)(6) plainly provides that all officers and enlistees in the state military are unclassified Ohio civil servants. Therefore, we also hold that National Guard duty is prior state service for the purpose of R.C. 9.44.

                          Value of Prior State Service

Smith and his union argue that service in the National Guard, whether inactive or active duty, counts as full-time state employment for the purpose of R.C. 9.44. They rely principally on 1981 Ohio Atty.Gen.Ops. No. 81-066, which states as a syllabus:

"A full-time state employee who was a member of the Ohio National Guard serving on duty one weekend per month and two weeks out of every year is entitled to have one year prior service credit for each year of service with the Ohio National Guard for the purpose of computing the amount of his vacation leave pursuant to [former] R.C. 121.161. * * *"

While not binding, the analysis in the Attorney General opinion is persuasive. However, the Attorney General did not draw the conclusion in the syllabus from R.C. 9.44; he instead consulted former R.C. 121.161, which provided for state employee vacation accrual in essentially the same way that R.C. 124.13 does now, to determine the conditions under which state employees became eligible for vacation. State employees accrued vacation as follows:

"['] Each full-time state employee, including full-time hourly-rate employees, after service of one year with the state, or any political subdivision of the state, shall have earned and will be due upon the attainment of the first year of employment, and annually thereafter, eighty hours of vacation leave with full pay. * * *[']" (Emphasis sic.) 1981 Ohio Atty.Gen.Ops. No. 81-066, at 2-272 to 2-273, quoting former R.C. 121.161. See, also, R.C. 124.13.

R.C. 121.161 established full-time state employment as a condition for becoming eligible for vacation, but did not specify whether the year preceding such full-time employment was also required to be on a full-time basis. Thus, the Attorney General read the statute as granting vacation leave to a full-time state employee after one year of either part-time or full-time service. Having decided that the statute treated part-time and full-time prior state service the same, the Attorney General justifiably concluded that a year of National Guard service was worth a year of vacation, without having to reach whether the National Guard service was full-time or part-time.

Smith and his union analyze R.C. 9.44 independently of the vacation accrual statute in the Attorney General's opinion, but the opinion does not permit this. The opinion refers to R.C. 9.44 as generally reinforcing the obligation in R.C. 121.161 to count qualifying prior service, but not as determining the current vacation eligibility of an employee with such prior service. Rather, the value of such prior service, if any, was determined by the current employer's vacation accrual provisions, which, for the opinion, meant R.C. 121.161. Thus, the opinion states:

"R.C. 9.44, read in conjunction with * * * R.C. 121.161, specifically preserves prior service credit for computing vacation leave for full-time * * * state employees. Pursuant to R.C. 9.44, prior service with the state * * * is to be applied for purposes of computing the rate at which vacation leave is accrued under [former] R.C. 121.161." 1981 Ohio Atty.Gen.Ops. No. 81-066, at fn. 2.

The plain language of R.C. 9.44 also prevents the analysis Smith and his union advocate. By requiring that prior state service be "counted as service" with a subsequent municipal employer, R.C. 9.44 requires current city employers to treat a qualifying employee's prior state service as if it were service for the city. This means that a qualifying employee should receive, by virtue of his prior state service, the same vacation benefits he would have received had he been continuously employed by the current city employer. Accord Bill Analysis by the Legislative Service Commission (Purpose, and Content and Operation to Sub.H.B. No. 202 [R.C. 9.44]). Thus, consistent with the Attorney General opinion, the

vacation to which the former state employee is entitled depends not on R.C. 9.44, but on how the city allocates vacation leave to its employees.

Accordingly, since the enactment of R.C. 9.44 in 1970, North Olmsted has had a duty to account for Smith's prior state service in the National Guard in computing his vacation leave, but only to the extent that such service would have satsified the conditions under which a North Olmsted fire fighter accrued vacation during that period. For example, if fire fighters accrued vacation leave based on years or months of employment with the fire department, regardless of work hours, then Smith's five years and nine months in the National Guard would have earned him upon hire, as he and his union argue, vacation leave from the city equal to five years and nine months. However, if fire fighters must also have worked on a full-time basis to qualify for vacation, then, as the city argues, Smith must have worked those full-time hours in the National Guard for his prior service to be considered in calculating his vacation as a fire fighter. Finally, if fire fighters accrued vacation based on hours actually worked, then Smith could claim vacation, as the court of appeals concluded, for the time he actually reported for National Guard duty.

In 1970 and afterward, Smith has apparently accrued vacation as provided either by ordinance or union contract. The record, however, does not contain the text of these ordinances or contracts, and does not otherwise specify the conditions that made this accrual possible. Without evidence establishing whether fire fighters accrued vacation based (1) only on time in the job, which would be consistent with appellants' position, (2) on time in the job plus hours of work, which would be consistent with appellees' position, or (3) only on hours at the job, which would be consistent with the court of appeals' position, the value of Smith's National Guard service, if any, cannot be determined or reviewed for compliance with R.C. 9.44.

Rather than rely solely on R.C. 9.44, the court of appeals should have evaluated Smith's prior state service in the National Guard under North Olmsted's vacation accrual policy to determine if Smith's National Guard service satisfied whatever conditions the policy might have imposed for vacation eligibility. This part of the judgment below, therefore, must be reversed.

The cause must also be remanded on this issue because the court of appeals disposed of this case on cross-motions for summary judgment. Summary judgment may be granted only if the material facts are established and not in controversy. See Civ.R. 56(C). Here, no evidence establishes the conditions under which fire fighters accrued vacation since Smith's hire. Without this evidence, the court of appeals could not conclude which side to this dispute was entitled to judgment as a matter of law.

### Statute of Limitations

The court of appeals held the statute of limitations in R.C. 2305.07 applied to claims for prior service credit under R.C. 9.44. R.C. 2305.07 provides:

"* * * [A]n action upon a contract not in writing, express or implied, or upon a liability created by statute other than a

forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

Smith and his union argue that limiting the actionability of R.C. 9.44 claims to six years is unfair to public employees who may be unaware of the statute. The same argument could be made, however, to prevent the effect of any statute of limitations. Moreover, at least two other courts of appeals have already held R.C. 2305.07 applicable to employment disputes involving R.C. 9.44. See State ex rel. Clark v. Greater Cleveland Regional Transit Auth. (Sept. 12, 1988), Cuyahoga App. No. 53073, unreported, 1988 WL 112410, affirmed (1990), 48 Ohio St.3d 19, 548 N.E.2d 940; State ex rel. Caspar v. Dayton (Apr. 24, 1989), Montgomery App. No. 11103, unreported, 1989 WL 43076, affirmed in part and reversed in part (1990), 53 Ohio St.3d 16, 558 N.E.2d 49. We see no reason why these holdings should not be followed.

The court of appeals relied on State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn. (1989), 42 Ohio St.3d 86, 537 N.E.2d 646, to also hold that a new cause of action arose each year that North Olmsted failed to account for Smith's National Guard service in computing his vacation leave. In Madden, we allowed a writ of mandamus to place a teacher on sequentially higher steps in her salary schedule, but only for the six years preceding her complaint. We rejected the argument that the teacher's cause of action accrued when she was first placed on the wrong salary step seven years earlier and held that a "separate and distinct" claim arose each time the teacher was not placed at the right salary level. Id. at 90, 537 N.E.2d at 649.

Arguing that Smith's cause of action is now completely barred because it became actionable in 1970 when R.C. 9.44 was enacted, North Olmsted urges us to distinguish Madden on the ground that fire fighters are not on year-to-year contracts as was the teacher in that case. However, Smith appears to accrue vacation on an annual basis, which suggests that he, like the teacher in Madden, acquires a new cause of action each year. Moreover, in Welch v. Lima (1950), 89 Ohio App. 457, 46 O.O. 268, 102 N.E.2d 888, which the city cites to establish that R.C. 2305.07 (formerly, G.C. 11222) generally applies to fire fighter claims for withheld portions of their salary, the Court of Appeals for Allen County embraced the theory that a new cause of action arose upon each incomplete payment. The court held:

"[I]t is apparent that a cause of action in favor of the [fire fighter] for the amounts withheld accrued each month as the monthly installments of salary became due in accordance with the terms of the salary ordinance, and that, as this action was not commenced until [twelve years after the last installment was due], the causes of action for all the items of salary withheld are barred by the provisions of Section 11222, General Code * * *." Id. at 466, 46 O.O. at 272, 102 N.E.2d at 894.

The court of appeals in Caspar implicitly agreed with the Welch court by limiting relief in that case to six years before the complaint was filed. Caspar, 53 Ohio St.3d at 17, 558 N.E.2d at 50. Thus, under the cited authority, the court of appeals did not err by applying R.C. 2305.07 or by allowing

Smith to recover for the six years prior to his complaint. Accordingly, we affirm that ruling.

## Laches

Building on its argument that Smith's claim for vacation became actionable in 1970, North Olmsted further argues that Smith's complaint is barred by laches. The city maintains that honoring Smith's vacation request "will have a direct impact on [its] ability to budget for employee benefits." The city also fears that "[o]ther employees with similar claims may be waiting [for] resolution of this issue."

The elements of a laches defense are "(1) [unreasonable] delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." Kennedy v. Cleveland (1984), 16 Ohio App.3d 399, 403, 16 OBR 469, 472, 476 N.E.2d 683, 688. The court of appeals held that the city had not proved the last of these elements because no evidence in the record supported the allegation of "budgetary prejudice." Where no evidence of material prejudice is presented, we have said that a court of appeals properly rejects laches as a defense. Madden, supra, 42 Ohio St.3d at 90, 537 N.E.2d at 649-650.

Courts have discretion to find laches in mandamus actions irrespective of whether the writ is barred by the statute of limitations. State ex rel. Moore v. Sanders (1981), 65 Ohio St.2d 72, 74-75, 19 O.O.3d 264, 265-266, 418 N.E.2d 1339, 1340-1341. Here, however, we agree that North Olmsted has not satisfied its burden of proof. We, therefore, also affirm the court of appeals' rejection of the city's laches defense.

## Conclusion

Because the court of appeals relied solely on R.C. 9.44 to define the value of Smith's prior state service in the National Guard and to grant summary judgment to Smith, we reverse the court's decision on that issue and remand the cause for further proceedings consistent with this opinion. The court's other rulings are affirmed. On remand, the value of Smith's prior state service is to be evaluated according to the North Olmsted vacation accrual policy to the extent effective from December 18, 1983.

> Judgment affirmed in part, reversed in part and cause remanded.

Moyer, C.J., Sweeney, Holmes, Wright, H. Brown and Resnick, JJ., concur.

Douglas, J., dissents.

Douglas, J., dissenting. I respectfully dissent. I agree with the analysis, by the court of appeals, of the issues now before us. Accordingly, I would affirm the judgment of the court of appeals in all respects. Because the majority does not do so, I respectfully dissent.