OPINION
Appellant, Marion City School District, appeals a decision of the Preble County Court of Common Pleas, Juvenile Division. The court overruled appellant's motion to vacate or amend a judgment entry concerning tuition payments for Timothy Fetters. We affirm.
On October 18, 1994, Fetters was removed from his parents' home in Marion, Marion County, Ohio. The Marion County Court of Common Pleas, Juvenile Division, placed Fetters in the custody of the Marion County Children Services Board. At the time Fetters was removed, his parents were residents within the Marion City School District boundaries. On approximately October 24, 1994, Fetters' parents moved to Preble County, Ohio.
On November 15, 1994, a hearing was held in the Marion County Court of Common Pleas, and an order was issued placing Fetters in the custody of Preble County Children's Services. The court also transferred jurisdiction and dispositional responsibility to the Preble County Court of Common Pleas, Juvenile Division. At some time during this period, Preble County Children's Services moved Fetters to Preble County.
On November 28, 1994, the Preble County Court of Common Pleas, Juvenile Division, issued an entry stating:
 It appearing to the Court that [Fetters] has legal settlement in the Marion City School District, it is hereby ordered that Marion City School District pay tuition to Preble Shawnee School District.
At the time of the order, appellee, Preble Shawnee School District was providing educational services to Fetters, and was not providing him with any special education services. Appellant states in its brief that since Fetters "was a regular education student on November 28, 1994, the trial court's assignment of tuition to Marion City School District was correct at that time."
Sometime after November 28, 1994, Fetters began receiving special education services. In December 1996, permanent custody of Fetters was granted to the Preble County Children's Services Board. On February 18, 1997, appellant filed a motion with the trial court to vacate or amend the November 28, 1994 entry. Appellant argued that it should not be required to pay for Fetters' tuition. Appellant also argued that appellee might be the appropriate school district to pay for Fetters' tuition. On August 1, 1997, the trial court held that the November 28, 1994 order should continue, and ordered appellant to continue to be responsible for Fetters' tuition. Appellant appeals this decision and presents two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND RENDERED A DECISION THAT WAS CONTRARY TO LAW WHEN IT DENIED MARION CITY SCHOOL DISTRICT'S MOTION TO VACATE OR AMEND AND ENTERED AN ORDER COMPELLING MARION CITY SCHOOLS TO PAY TUITION FOR TIMOTHY FETTERS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND RENDERED A DECISION THAT WAS CONTRARY TO LAW WHEN IT DENIED MARION CITY SCHOOL DISTRICT'S MOTION TO VACATE OR AMEND AND ENTERED AN ORDER COMPELLING MARION CITY SCHOOLS TO PAY THE EXCESS COSTS OF TIMOTHY FETTERS' EDUCATION AT THE PREBLE SHAWNEE SCHOOL DISTRICT.
Appellant claims that since neither Fetters nor his parents reside within Marion City School District boundaries and Fetters is designated a special education student pursuant to Chapter 3323 of the Ohio Revised Code, appellant should not be held responsible for payment of Fetters' tuition. We do not agree.
Since the present case began with the juvenile court removing Fetters from his parents' home on October 18, 1994, our analysis begins with R.C. 2151.357 which states in part:
 In the manner prescribed by division (C)(2) of section 3313.64 of the Revised Code, the court shall, at the time of making any order that removes a child from his own home or that vests legal or permanent custody of the child in a person or government agency other than his parent, determine the school district that is to bear the cost of educating the child.
In short, R.C. 2151.357 states that the court at the time the child is removed from the home shall determine the school district that is to bear the cost of educating the child. "Therefore, it is apparent that if R.C. 2151.357 is applicable, the juvenile court is required to follow R.C. 3313.64(C)(2) in determining which district bears the cost." Christman v. Washington Court House School District (1986), 30 Ohio App.3d 228,231. R.C. 3313.64(C)(2) states:
 Except as otherwise provided in division (C)(2)(d) of this section, if the child is in the permanent or legal custody of a government agency or person other than the child's parent, tuition shall be paid by:
 (a) The district in which the child's parent resided at the time the court removed the child from home or at the time the court vested legal or permanent custody of the child in the person or government agency, whichever occurred first * * *.
Applying R.C. 3313.64(C)(2) to the facts of the present case, the juvenile court properly found that appellant was required to pay for Fetters' tuition because (1) the first event that occurred was Fetters being removed from his parents' home on October 18, 1994 and (2) Fetters' parents were residing within the Marion City School District boundaries at the time he was removed.
R.C. 2151.357 and 3313.64(C)(2) do not make any distinctions for children with special needs. Both statutes refer to a "child," which would include children with special needs. A plain reading of the statute leads to the logical conclusion that the Legislature did not intend to exclude children with special needs from the scope of R.C. 2151.357 and 3313.64(C)(2). If we were to follow appellant's reasoning, we would in effect rewrite R.C.2151.357 and 3313.64(C)(2) by adding the sentence "The trial court's determination of which district should be responsible for the child's tuition is not a final decision, and may be changed in the future if at some point the child requires special education." If the Legislature intended such a provision to be included in R.C. 3313.64(C)(2), the Legislature would have included it. We refuse to judicially create such a provision.
Appellant claims that the trial court should have decided which school district should pay for Fetters' tuition pursuant to R.C. 3313.64(C)(1). Appellant also claims that reading R.C.3313.64 as a whole leads to the conclusion that provisions other than R.C. 3313.64(C)(2) should be considered by the court. However, R.C. 2151.357 specifically states that the court shall determine which school district is to bear the cost of educating the child "[i]n a manner prescribed by division (C)(2) of section3313.64 of the Revised Code."
Appellant also presented opinions from the Ohio Attorney General's Office. We are not required to follow these opinions because "[o]pinions released by the Ohio Attorney General are not binding authority, but are considered persuasive authority." Gurr v. Broshear (Apr. 14, 1997), Butler App. No. CA96-10-201, unreported, at 4, discretionary appeal not allowed (1997),79 Ohio St.3d 1484, following State ex. rel. North Olmsted Fire Fighters Assn. v. North Olmsted (1992), 64 Ohio St.3d 530, 533.
While appellant claims that it should not have to pay the tuition for a child that does not attend its school district, and whose parents do not reside within the school district's boundaries, we note that we have previously held that it is "not inequitable" to require a school district to pay another school district the cost of educating a child. Christman,30 Ohio App.3d at 231. Further, if appellant believed that the trial court's November 28, 1994 entry was inequitable, appellant should have filed a timely appeal from that order.
Accordingly, we find that the trial court did not err in overruling appellant's motion to vacate or amend the November 28, 1994 entry. Appellant's first and second assignments of error are overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.