OPINION
{¶ 1} Plaintiff-appellant, Matt Marcum, appeals the decision of the Columbiana County Common Pleas Court awarding Barbara Marcum, defendant-appellee, $12,481.35 in unpaid child support.
 {¶ 2} Appellant and appellee were divorced May 18, 1971. At the time of the divorce they had a minor daughter whose birth date was November 26, 1969. The daughter turned 18 years of age on November 26, 1987, and was married in April of 1988.
 {¶ 3} On July 6, 1977, the trial court found appellant to owe $1,341.35 in total support arrearage to appellee. Appellant made a few payments to appellee, but the payments went largely unpaid. At some point, appellee learned that appellant was living in the state of California. Appellee contacted the state of California in an attempt to gain its assistance to collect the support payments. The state of California brought a reciprocal support case against appellant. Appellee did not receive payment pursuant to this action.
 {¶ 4} Sometime in 1985, appellant moved back to Columbiana County. The daughter, with the permission of appellee, moved in with appellant for a period of two to four weeks. Appellee made additional attempts to collect the support arrearage through the state of California. All attempts were unsuccessful.
 {¶ 5} Appellee reopened the case and the trial court adopted the magistrate's decision to award the appellee $12,481.35 in support arrearage.
 {¶ 6} Appellant's sole assignment of error states:
 {¶ 7} "The trial court's application of the law to the magistrate's factual findings constituted an abuse of discretion".
 {¶ 8} Appellant lodged no objection in the trial court below either to the substance or form of the magistrate's decision. The rule provides that a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E)(3)(a). Objections must be specific and stated with particularity. Civ.R. 53(E)(3)(b). Furthermore, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53]." Civ.R. 53(E)(3)(b).
 {¶ 9} Appellant argues rather that the magistrate misstated and misapplied the law of laches. In her decision, the magistrate stated:
 {¶ 10} "The Supreme Court has ruled that the passage of time alone does not establish laches, but that one must also show that there has been an unreasonable delay resulting in prejudice to the party against whom the Judgment is sought to be enforced."
 {¶ 11} Appellant contends that according to the Ohio Supreme Court, laches consists of (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for a delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. Citing State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections
(1995), 74 Ohio St.3d 143, 144-145, 656 N.E.2d 1277. The Court has continued to adhere to this pronouncement of the elements of laches. SeeState ex rel. Ohio Dept. of Mental Health v. Nadel, 98 Ohio St.3d 405,2003-Ohio-1632, 786 N.E.2d 49, at ¶ 16; State ex rel. Mallory v.Pub. Emp. Retirement Bd. (1998), 82 Ohio St.3d 235, 244, 694 N.E.2d 1356;State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections (1997)80 Ohio St.3d 182, 186, 685 N.E.2d 507; State ex rel. N. Olmstead FireFighters Assn. v. N. Olmsted (1992), 64 Ohio St.3d 530, 536-537,597 N.E.2d 136 . While the magistrate's statement may have reflected an abbreviated statement of the law, it was not an incorrect statement.
 {¶ 12} Concerning appellant's assertion that the magistrate also misapplied the law, appellant points to the magistrate's finding of fact that it was "apparent that since 1985 the mother made no effort through the State of Ohio to collect child support owed in this matter." Appellant acknowledges that there is no universal rule as to the amount of time that must lapse for laches to apply. Appellant also recognizes that the each case must be evaluated based on its own special circumstances. However, in this case, appellant argues that the magistrate gave no consideration to unreasonable delay.
 {¶ 13} Appellant also takes issue with the magistrate's determination of a lack of prejudice. The magistrate noted that appellant sold his house and business, realizing a profit of $40,000, and that it would not have been a hardship for appellant to pay $86.67 per month in support as his child was growing up. Appellant maintains that the meaning of prejudice within the context of laches does not connote hardship. Rather, appellant states that prejudice indicates a change of position by party asserting laches on reliance of the opposing party's inaction. Citing Third Bank v. West (1988), 42 Ohio Misc.2d 26, 537 N.E.2d 262. In order to find that he was not prejudiced, appellant believes that there would have to have been a finding that appellant sold his business without regard to appellee's inaction and delay. Appellant argues that the magistrate's decision lacked any explanation as to why he was not prejudiced.
 {¶ 14} In Still v. Hayman, 153 Ohio App.3d 487, 2003-Ohio-4113,794 N.E.2d 751, at ¶ 8, this court articulated the standard of review for laches as follows:
 {¶ 15} "Laches is predominantly a question of fact to be resolved according to the circumstances of each individual case and, as such, is within the sound discretion of the trial court. Bitonte v. Tiffin Sav.Bank (1989), 65 Ohio App.3d 734, 739, 585 N.E.2d 460. Therefore, we must examine whether the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140."
 {¶ 16} Given this standard of review and applying the elements of laches as set forth by the Ohio Supreme Court, it cannot be said that the magistrate's decision constituted an abuse of discretion. Concerning the element of unreasonable delay, appellant takes the magistrate's finding that appellee did not make an effort to collect the child support in Ohio since 1985 out of context. There was evidence presented at the hearing that appellee continued to pursue a URESA action that she had commenced in California after appellant moved there. The magistrate made reference to these efforts in her decision, appellant testified to these efforts, and documents admitted at the hearing reflected likewise.
 {¶ 17} In his brief, appellant does not appear to take issue with the second and third elements — absence of an excuse for a delay and knowledge, actual or constructive, of the injury or wrong. The excuse for the delay emanated from appellant's move to California and appellee's subsequent unsuccessful efforts to collect the child support in that state. While knowledge of the injury or wrong is present in this case, the lack of the other elements necessary to establish laches renders it irrelevant.
 {¶ 18} Concerning the last element, this court noted in Still that "the person for whose benefit the doctrine will operate has to demonstrate that he or she has been materially prejudiced by the unreasonable and unexplained delay of the person asserting the claim." Id., 153 Ohio App.3d 487, 2003-Ohio-4113, 794 N.E.2d 751, at ¶ 14, citing Connin v. Bailey (1984), 15 Ohio St.3d 34, 15 OBR 134,472 N.E.2d 328. The Eleventh District has "recognized that there are two types of material prejudice, either of which necessitate the application of laches: (1) the loss of evidence helpful to the defendant's case, and (2) a change in the defendant's position that would not have occurred had the plaintiff not delayed in asserting her rights." State ex rel. Donovanv. Zajac (1998), 125 Ohio App.3d 245, 250, 708 N.E.2d 254. Appellant has not demonstrated that he was prejudiced by the delay. Appellant refers to no evidence helpful to his case that has been lost. Rather appellant argues that there was a change in his position that would not have occurred had appellee not delayed in asserting her rights. More specifically, appellant alleges that he sold his business in reliance on appellee's inaction. A review of the transcript of proceedings from the magistrate's hearing reveals no testimony establishing this assertion. Even had appellant proven prejudice he failed to establish the first two elements necessary for application of laches.
 {¶ 19} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 20} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., concurs.
Vukovich, J., concurs. See concurring opinion.